**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| EMILIO REMEDIOS,<br>on behalf of himself and all other similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>TELSEC CORP,<br>a Florida for profit corporation<br><br>    Defendant. | Docket No._____<br><br>**Complaint-Collective Action**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Emilio Remedios, on behalf of himself and all other similarly situated individuals, by and through their undersigned counsel, for their Collective Action Complaint against Defendant Telsec Corp, a Florida for-profit corporation (herein referred to as "Telsec"), alleges, upon information and belief, except as to the allegations that pertain to the named Plaintiff and his counsel, which are based upon personal knowledge, as follows:

**I.     INTRODUCTION**

1.     This is a collective action brought by Plaintiff Remedios on behalf of himself and all other similarly situated current and former hourly employees of Telsec in the State of Florida for the purpose of obtaining relief under federal law pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., for, *inter alia*, unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.

2.      Plaintiffs are hourly employees of Telsec who work or formerly worked as security guards in South Florida and particularly in the Miami area.  Specifically, Plaintiff Remedios formerly worked for Defendant Telsec as a security guard in the Miami area and was paid on an hourly basis.  Defendant Telsec has failed to pay all Plaintiffs, including Plaintiff Remedios, their required overtime rate of pay for all hours of work they performed in as mandated by federal law.

3.      The uncompensated time includes, but is not limited to, time spent by Plaintiffs performing their regular work duties in excess of 40 hours per week and not getting paid at the required overtime rate.

## II.     JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiffs' federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216 (b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5.      Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant Telsec resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## III.    PARTIES

6.      Plaintiff Emilio Remedios is a former Telsec employee who worked as a Security Guard for Defendant Telsec and who was employed during the relevant time period in this case.  Plaintiff Remedios was employed by Telsec from approximately April 2021 through February of 2023.

7.      Defendant Telsec is a security company located in Miami, Florida that employs approximately 60 security guards in the State of Florida.  Defendant Telsec is a Florida corporation engaged in interstate commerce and in the production of goods or services for commerce in these and various other locations throughout the United States.  Defendant Telsec can be served with original service of process through its registered agent for service, Manuel A. Jimenez in Miami, Florida.

### IV.       COLLECTIVE ACTION ALLEGATIONS

8.      The Named Plaintiff Emilio Remedios is an individual who, within the applicable period of limitations prior to the commencement of this action, was employed by Defendant Telsec in Florida.  This matter is maintainable as a Collective action pursuant to 29 U.S.C. § 216(b), on behalf of a collective class consisting of:  current and former hourly employees of Defendant Telsec who are or were employed in the State of Florida (the "Collective Class").

9.      Plaintiffs believe that there are at least 100 present and former employees in the Collective Class during the relevant Class period of March, 2020 to the present.

10.     The complained of unlawful compensation system at issue in this Complaint has affected Defendant Telsec's present and former hourly employees uniformly within the State of Florida.  At all times relevant to this Complaint, Defendant Telsec has utilized the same compensation system complained about herein.

11.     Plaintiff Remedios and all Collective Class members are similarly situated individuals who formerly worked for and/or presently work for Defendant Telsec in the State of Florida, and who were and/or continue to be deprived of their lawful overtime wages under federal law in the same manner.

12. The facts and circumstances relating to Defendant Telsec's compensation system and employment-related activities present common questions of law and fact pursuant to federal law.

13. Defendant Telsec's failure and refusal to pay Plaintiff Remedios and Class members their lawful wages was and is willful. Defendant Telsec knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

14. Despite its knowledge that time spent by Plaintiff Remedios and the Collective Class members working over 40 hours per week, as described above, was compensable at an overtime rate under federal law, Defendant Telsec has refused to fully compensate its Florida workers for any of this overtime work.

V.     **PRELIMINARY FACTUAL ALLEGATIONS**

15. Defendant Telsec provides private security services and employs approximately sixty (60) security guards in the State of Florida. The complained of unlawful compensation system at issue in this Complaint has affected all of Defendant Telsec's present and former hourly employees in the same manner.

16. Under Telsec's wage compensation system, Telsec only pays Plaintiff Remedios and all Class members "straight time" for all hours worked in excess of 40 hours per week; even though Plaintiffs and Class members are hourly employees who work far in excess of 40 hours per week on a weekly basis and thus are eligible and entitled to overtime pay at the "time and a half" overtime rate of pay under federal law.

17. Defendant Telsec has express knowledge that its hourly employees are working in excess of 40 hours per week without being paid at the proper "time and a half" overtime

4

rate and yet Telsec has mandated and permitted its hourly workers to work in excess of 40 hours per week without paying them at the overtime rate as required by federal law.

18.     As a consequence of the compensation system utilized by Defendant Telsec, Plaintiff Remedios and the Class members are not paid at the overtime rate of pay at all routinely working in excess of 40 hours per week, and this has been true throughout the entire potential FLSA class period in this case.

19.     As a result of Telsec's compensation system, and other practices and policies followed by Defendant Telsec, Plaintiff Remedios and Class members are not fully paid for all of the overtime hours which they work presently, and they have not been fully paid for all of the overtime hours they have worked at all times during the alleged Class Period.

20.     Plaintiff Remedios and all Class members are similarly situated individuals who work or previously worked for and/or continue to work for at Defendant Telsec in the State of Florida, and who were and/or continue to be deprived of their lawful overtime wages under federal law in the same manner.

21.     Defendant Telsec's failure to pay Plaintiff Remedios and Class members their lawful overtime wages was and is willful.  Defendant Telsec knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

22.     Despite its knowledge that time spent working in excess of forty (40) hours per week by Plaintiff Remedios and Class members, as described above, was compensable at the "time and a half" overtime rate under federal law, Defendant Telsec has taken no steps to fully compensate its Florida workers for this time.

V.  **CAUSES OF ACTION**

**COUNT I**

**All Class Members v. Defendant Telsec Corp**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 et seq.**
**All Plaintiffs v. Telsec**

23. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

24. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendant Telsec was and is obligated to pay its employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

25. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendant Telsec, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

26. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

WHEREFORE, Plaintiffs pray for the following relief against Defendant Telsec:

A. That this Court Order an accounting of lost wages for Plaintiffs;

B. That this Court enjoin Defendant Telsec from continuing to commit unlawful practices related to wages;

C. That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees; and

D. That this Court certify this matter as a collective action pursuant to 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable.

Respectfully submitted,

/s/ Manuel A. Avila

_____
MANUEL A. AVILA
Florida Bar # 0868787
Manuel A. Avila, Esq. & Associates, P.A.
11120 N. Kendall Drive
Suite 200
Miami, FL 33176
Office: 305 249-1111
Fax: 1-305 647-0686
Email: mavila@avilalegal.com

BRIAN P. MCCAFFERTY
Pennsylvania Bar # 66257
McCafferty Law Firm, LLC
117 Swamp Road
Newtown, PA 18940
Phone: (267) 872-0852
E-Mail: cafstar@aol.com

**Attorneys for Plaintiffs**

DATED: March 6, 2023