UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-20877-BLOOM/Otazo-Reyes**

EMILIO REMEDIOS,

    Plaintiffs,

v.

TELSEC CORP.,

    Defendant.
_____/

**ORDER APPROVING SETTLEMENT
AND DISMISSING CASE WITH PREJUDICE**

**THIS CAUSE** is before the Court upon the parties' Joint Motion for Approval of Settlement Agreement and Dismissal of Action with Prejudice, ECF No. [23] ("Motion"), filed on May 11, 2023. Upon review of the record and the parties' documented basis for a settlement of the FLSA case, including an award of attorneys' fees to Plaintiff's counsel as the prevailing party, the Court finds, for the reasons below, that settlement of this action is fair and reasonable and that the requested fee is fair and reasonable and not grossly excessive.

This Court has the responsibility of approving settlement agreements for cases arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, if the parties choose not to present their settlement to the Secretary of Labor. *See Lynn's Food Stores v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before the Court may approve a settlement agreement, it must scrutinize the agreement to determine whether it is a fair and reasonable resolution of a bona-fide dispute. *See id.* at 1352-55. This includes review of the amount of the attorney's fees. *See Silva v. Miller*, 307 Fed. App'x. 349, 351-52 (11th Cir. 2009).

The Court briefly discusses the attorney's fees in this case because the Eleventh Circuit has noted that the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. App'x. at 351-52. The Eleventh Circuit emphasized that the FLSA provides for reasonable attorney's fees and parties will not be permitted to contract around such provisions in derogation of the FLSA. *Id.* (citing *Lynn's Foods*, 679 F.2d at 1352). Put simply, the Court's duty is to assess the reasonableness of such fees under the circumstances.

Here, Plaintiff's counsel contends it has reduced his fees to a percentage of the settlement, thirty-nine percent (39%), because the actual hourly rate would have been higher than currently reflected. ECF No. [23-2] ¶ 7. In addition, Plaintiff's counsel represents that the total amount of the settlement is $22,500, of which $13,000 is to be paid to Plaintiff and $9,500 is to be paid to Plaintiff's counsel as attorneys' fees and for reimbursement of $660 for out-of-pocket costs incurred. *Id.* ¶ 6. Plaintiff's wage claim, without liquidated damages, is valued at $9,189.50. *See* ECF No. [9]. Given that Plaintiff's counsel has purportedly expended a greater sum on the instant case but has agreed to reduce that fee in order to facilitate settlement of the matter, as well as the fact that Plaintiff is receiving more than the amount of her wage claim, the Court now finds that the requested fee is fair, reasonable, and not grossly excessive. In addition, the Court finds the settlement is reasonable.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [23]**, is **GRANTED**.
2. The Joint Motion for Approval of Settlement Agreement and Dismissal of Action with Prejudice, ECF No. [23-1] ("Settlement Agreement"), which has been duly filed as a

Case No. 23-cv-20877-BLOOM/Otazo-Reyes

record of the Court, is **APPROVED** in its entirety.

3. This case is **DISMISSED WITH PREJUDICE**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 11, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record